STATE OF NORTH CAROLINA
v.
QUINCY LASHAUN HOCKADAY
No. COA08-1047
Court of Appeals of North Carolina.
Filed May 5, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Scott Stroud, for the State
Charlotte Gail Blake, for defendant-appellant.
JACKSON, Judge.
Quincy Lashaun Hockaday ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of possession of a firearm by a convicted felon, discharging a firearm in the Town of Southern Pines, and cruelty to an animal. The trial court consolidated the first two offenses and imposed an active term within the presumptive range of a minimum of twelve months and a maximum of fifteen months imprisonment. The court imposed a consecutive term of forty-five days imprisonment for the remaining offense. For the following reasons, we hold no error.
Defendant contends the trial court erred by failing to declare a mistrial after the prosecutor displayed a visual aid during closing arguments. We disagree. In the case sub judice, the visual aid listed the elements of possession of a firearm by a felon. Written in bold letters on the visual aid were the words: "Felony possession of cocaine, convicted June 25, 2002." Defendant objected on the ground that the parties had stipulated that defendant had been convicted of a felony on that date without specifying the name of the felony. The prosecutor stated that she had prepared the visual aid prior to the parties' stipulation, and that she had prepared a second visual aid omitting the reference to the prior felony conviction after the parties agreed to the stipulation. She explained that she inadvertently had placed the wrong visual aid on the easel. She argued to the court that defendant was not prejudiced, because in the absence of a stipulation, the State would have presented evidence establishing the prior conviction.
"The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2007). "Whether a motion for mistrial should be granted is a matter which rests in the sound discretion of the trial judge . . .,' and a mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law." State v. Calloway, 305 N.C. 747, 754, 291 S.E.2d 622, 627 (1982) (citations omitted). "The decision of the trial judge is entitled to great deference since he is in a far better position than an appellate court to determine whether the degree of influence on the jury was irreparable."State v. Williamson, 333 N.C. 128, 138, 423 S.E.2d 766, 772 (1992) (citation omitted).
Here, in refusing to grant a mistrial, the trial court found that the prosecutor's use of the wrong visual aid was an inadvertent mistake and was insufficient to require a mistrial under the circumstances, given that the same evidence otherwise could have been admitted absent the stipulation. In addition, the trial court offered to give a limiting instruction to the jury. Defendant accepted the trial court's offer and asked that the trial court "instruct the jury to disregard the visual aid that was displayed before them immediately before they were sent back in the jury room, words to that effect." The trial court subsequently instructed the jury to "disregard the posterboard display of the elements of the crime of possession of a firearm by a felon that was previously exhibited to you during the State's argument." "When the trial court instructs the jury not to consider incompetent evidence, any prejudice is ordinarily cured." State v. Adams, 347 N.C. 48, 68, 490 S.E.2d 220, 230 (1997), cert. denied, 522 U.S. 1096, 139 L. Ed. 2d 878 (1998).
Therefore, we hold that the trial court did not err by failing to declare a mistrial.
Defendant's remaining contention is that the trial court erred by failing to find factors in mitigation. We disagree.
Defendant argues that he presented evidence to support statutory findings that he was gainfully employed and supporting his family. Defendant also asked the trial court to find that he successfully completed supervised probation imposed after a prior conviction.
However, when a trial judge imposes sentences within the presumptive range, he is not required to make findings of factors in aggravation or mitigation, even if the finding is "conclusively established" by the evidence. State v. Rich, 132 N.C. App. 440, 452-53, 512 S.E.2d 441, 450 (1999), aff'd, 351 N.C. 386, 400, 527 S.E.2d 299, 307 (2000). Accordingly, we hold the trial court did not err by not making findings as to defendant's mitigating factors.
No error.
Judges McGEE and Robert C. HUNTER concur.
Report per Rule 30(e).